

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,305

### EX PARTE CLAUDE A. SIMMONS, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F97-02027 IN THE CRIMINAL DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Simmons v. State*, No. 05-97-01987-CR (Tex. App.–Dallas 1999, pet. ref'd).

Applicant contends that he is actually innocent. The trial court adopted Applicant's and the State's supplemental stipulated findings of fact and conclusions of law,[1] determined that Applicant

---

[1]The conclusions of law state, among other things, that the newly discovered evidence in Applicant's case "creates a doubt as to the efficacy of the verdict sufficient to undermine

has established that he is actually innocent, and recommended that we grant relief. We agree. Accordingly, relief is granted. The judgment in Cause No. F97-02027 in the Criminal District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges against him. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 3, 2010
Do Not Publish

---

confidence in the verdict" and that "it is more than probable that the verdict would be different on a retrial." We decline to adopt these conclusions of law. They are not consistent with the evidentiary standard in a freestanding actual innocence claim. An applicant raising this claim has to establish "by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence." *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996).